# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

FRANK PROA,
　　　　　Appellant,

　　　v.

DEPARTMENT OF THE INTERIOR,
　　　　　Agency.

DOCKET NUMBER
CH-0752-18-0504-I-1

DATE: June 26, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Frank Proa</u>, Claremore, Oklahoma, pro se.

<u>Madonna Graham</u>, Esquire, Albuquerque, New Mexico, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant's claim that the agency failed to properly credit his military service when he was initially hired is barred by the doctrine of collateral estoppel and to find that the appellant's November 17, 2017 complaint that he filed with the Office of Special Counsel (OSC) was protected activity, we AFFIRM the initial decision.

## BACKGROUND

Prior to his removal, the appellant was employed with the agency's U.S. Geological Survey's Columbia Environmental Research Center in Missouri as a GS-11 Chemist. Initial Appeal File (IAF), Tab 1 at 1, Tab 15 at 19-20. He was responsible for the "transfer of waste solvents into collection drums" and for their shipping and hauling, and for leading, implementing, and evaluating a personal protective equipment plan. IAF, Tab 15 at 135, 137. On April 24, 2018, the agency proposed his removal based on conduct in January and February 2018, which the agency charged as: (1) seven instances of failure to carry out instructions given by his supervisors; (2) failure to comply with safety instructions or prescribed practices when he failed to properly cap collection drums and allowed his hazmat employee training to expire; (3) improper use of Government property when he failed to turn in his Government cell phone and

computer prior to serving a 14-day suspension, improperly used both during the suspension period, and deleted computer files upon his return; (4) absence without leave on February 2, 2018; and (5) providing inaccurate information on his time and attendance records for that date. *Id.* at 35-45. On July 17, 2018, the agency issued a decision letter on its proposed removal, sustaining the charges and finding that removal was an appropriate penalty. *Id.* at 21-29.

The appellant filed this appeal of his removal with the Board. IAF, Tab 1. During the Board proceedings below, the administrative judge issued sanctions against the appellant, denying his request for an in-person hearing due to his uncivil behavior, drawing inferences in favor of the agency regarding information sought during discovery due to the appellant's failure to comply with an order to produce the information, and denying the appellant's witnesses due to his failure to submit prehearing submissions. IAF, Tab 47 at 3, Tab 52 at 4-5, Tab 56. The administrative judge issued an initial decision on the written record, affirming the removal. IAF, Tab 61, Initial Decision (ID) at 2, 22. She found that the agency proved all five charges. ID at 6-13. She further found that the agency proved a nexus between the sustained charges and its ability to accomplish its mission. ID at 13. She also deferred to the agency's penalty determination and found that removal was within the bounds of reasonableness. ID at 14-16. She concluded that the appellant did not prove his affirmative defenses of reprisal for whistleblowing or discrimination on the basis of his prior military service. ID at 16-21.

The appellant has timely filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded to the petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant does not challenge the administrative judge's determination that the agency proved the charges or nexus. PFR File, Tab 1 at 3-6. We discern no basis to disturb these findings. Rather, the appellant

contends that the administrative judge erred in sanctioning him and finding that he failed to prove his affirmative defenses, and he disagrees regarding the length of his Federal civilian service. *Id.* We consider these contentions below.

<u>The administrative judge did not abuse her discretion when she cancelled the scheduled hearing as a sanction against the appellant.</u>

In his petition for review, the appellant argues that the administrative judge unfairly denied him his requested hearing. PFR File, Tab 1 at 3; IAF, Tab 1 at 2.[2] An administrative judge may impose sanctions as necessary to serve the ends of justice. 5 C.F.R. § 1201.43. That authority includes the right to sanction a party for failure to comply with an order. 5 C.F.R. § 1201.43(a). That authority also includes the right to cancel a scheduled hearing for "contumacious conduct or conduct prejudicial to the administration of justice on the part of the appellant." 5 C.F.R. § 1201.43(e). Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015); *Davis v. Department of Commerce*, 120 M.S.P.R. 34, ¶ 18 (2013). The abuse of discretion standard is a very high standard and allows for great deference. *Pecard v. Department of Agriculture*, 115 M.S.P.R. 31, ¶ 15 (2010) (citing *Lipscomb v. Department of Defense*, 69 M.S.P.R. 484, 487 (1996)). An appellant's right to a hearing, however, should not be denied as a sanction absent extraordinary circumstances. *Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶ 8 (2007). We find that the administrative judge did not abuse her discretion by cancelling the scheduled hearing. IAF, Tab 56.

Here, the regional office docketed the appeal in August 2018. IAF, Tab 2. The agency initially filed a motion for sanctions and requested a security presence at the hearing due to "inappropriate, aggressive, and threatening" emails

---

[2] The appellant also argues that the administrative judge denied him his right to call witnesses. PFR File, Tab 1 at 3. Because the administrative judge did not hold a hearing at which the parties could have presented witnesses, we find it unnecessary to address the appellant's argument on review that he was improperly denied witnesses.

the appellant sent to agency counsel during September and October 2018. IAF, Tab 36. The agency attached copies of the emails, which the appellant did not deny sending. *Id.* at 14-15; IAF, Tab 40 at 3. In those emails, he suggested agency counsel would suffer unspecified "harm" for representing the agency, her "time [was] up," and she would be "bound in chains of darkness," and "pay the price." IAF, Tab 36 at 15, 23, 41, 47. The appellant did not change the tone of his emails even after agency counsel asked him to "stop sending these types of emails to [her]," explaining that they were "very disturbing." *Id.* at 50. Nor did he stop when she requested he keep his communications to discovery and other case-related matters, asserting his correspondence was "extremely troubling" and raised "safety concerns." *Id.* at 22.

The administrative judge granted the agency's motion requesting a security presence at the hearing and warned the appellant that if he continued to display "threatening and disruptive behavior towards agency counsel and a total lack of decorum" his hearing request would be denied. IAF, Tab 47 at 3. She ordered the appellant to "only communicate with agency counsel regarding discovery, motions, or regarding a matter ordered by the Board." *Id.* During the prehearing conference on November 8, 2018, the administrative judge again advised the appellant that he must "conduct himself with civility" towards agency counsel and the Board during the proceedings. IAF, Tab 52 at 1.

On December 12, 2018, the appellant sent another unsolicited email to agency counsel and stated, "if you insist on continuing the devil's work, the start of your witness will be from jail," describing her as a "cold, calculating, proud, stubborn, deceitful, ambitious, jealous, angry, hateful person," and asserting that he refused "to negotiate or collude with a group of terrorist lawyers." IAF, Tab 55 at 15. In response to the appellant's "uncivil threatening behavior" and his continued failure to comply with her orders, the administrative judge granted the agency's motion for sanctions and denied the appellant's request for an in-person hearing. IAF, Tab 56 at 2. We find that, in light of the

egregious and persistent nature of the appellant's conduct, the administrative judge appropriately exercised her discretion in sanctioning him by canceling his requested hearing. *See Heckman*, 106 M.S.P.R. 210, ¶¶ 8-12 (determining that an administrative judge did not abuse her discretion in sanctioning an appellant by cancelling his requested hearing when the appellant failed to comply with three orders directing him to submit evidence or argument regarding his claims); *see also Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶¶ 10-17 (2016) (dismissing an appellant's petition for review for repeatedly failing to comply with the Board's orders and regulations while at the same time using misogynistic invective in describing his dealings with the Board's female staff in the Clerk's Office).

<u>The appellant's arguments as to discovery and evidentiary matters do not provide a basis for disturbing the initial decision.</u>

On review, the appellant alleges that the administrative judge denied him the "right to . . . receive and include evidence into the case file" and deleted key documents from the record. PFR File, Tab 1 at 3-4. Absent an abuse of discretion, the Board will not find reversible error in an administrative judge's rulings regarding discovery or evidentiary matters. *See Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 15 (2013); *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010). Further, to obtain reversal of an initial decision on the ground that the administrative judge abused her discretion in excluding evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed. *Sanders*, 114 M.S.P.R. 487, ¶ 10. Here, the appellant fails to identify the evidence that was improperly excluded, other than to instruct the Board to review "all the records and pleadings that were removed from the record." PFR File, Tab 1 at 4. He generally alleges the administrative judge's conduct "prejudices the employee" in presenting his case, but does not explain how the outcome was

affected and fails to assert any reversible error by the administrative judge. *Id.* at 3. Thus, we are not persuaded.

Regarding the documents the appellant alleges were improperly excluded below, a review of the record shows that the appellant repeatedly attempted to file motions to compel discovery before serving the discovery requests on the agency first, as he was instructed to do by the administrative judge. IAF, Tab 2 at 3, Tab 13. In response, the administrative judge rejected and struck from the record the appellant's first two motions, including the "225 pages of document dump" he had attached to his first motion to compel. IAF, Tabs 9-10. She denied his third motion to compel for the same reason. IAF, Tab 11 at 3-4, Tab 13. We agree with the administrative judge that the appellant's motions to compel did not meet the requirements of 5 C.F.R. § 1201.73(c)(1).

A motion to compel is appropriate if a party fails or refuses to respond in full to a discovery request. 5 C.F.R. § 1201.73(c)(1). Here, it appears that the appellant did not follow the instructions set out in the administrative judge's order and the regulations governing discovery, but instead filed motions to compel with the Board before sending the discovery requests to the agency. IAF, Tab 2 at 3, Tabs 9-11, 13. Therefore, we find that the appellant has not demonstrated that the administrative judge abused her discretion in her rulings on these motions or in striking the 225 pages of documents he submitted with his first motion. *See* 5 C.F.R. §§ 1201.41(b)(3), (8) (recognizing an administrative judge's authority to rule on evidentiary matters), 1201.74(a) (stating that an administrative judge may deny a motion to compel discovery if a party fails to comply with the requirements of 5 C.F.R. § 1201.73).[3]

---

[3] The appellant also alleges that the administrative judge "failed to respond to and/or enforce the request for OPM, HR, and employee records." PFR File, Tab 1 at 3. It appears the appellant is referring to his third motion to compel. IAF, Tab 11 at 3. As discussed above, the appellant has not demonstrated that the administrative judge abused her discretion in denying this motion to compel.

Additionally, it appears that the appellant repeatedly failed to follow the administrative judge's orders prohibiting "document dumping," her instructions on how to properly file his exhibits, and her instructions on the discovery process. IAF, Tab 5 at 3-4, Tabs 13, 28, Tab 47 at 3-4, Tab 51. As such, the administrative judge sanctioned the appellant by deleting pleadings that failed to comply with her orders. IAF, Tabs 22, 26, Tab 47 at 2-3; *see* 5 C.F.R. § 1201.43(a)(4) (providing that an administrative judge may eliminate from consideration submissions that do not comply with her orders). In at least one instance, she accepted a noncompliant pleading despite the "appellant appear[ing] unwilling or unable to follow the directions" in her orders. IAF, Tab 28. As indicated above, the appellant has failed to identify the relevant evidence that he alleges was improperly excluded below. PFR File, Tab 1 at 3-4. While the appellant submits evidence on review, the majority of the documents he submits are part of the record below, and thus are not new. *Compare* PFR File, Tab 1 at 8-40, *with* IAF, Tab 11 at 5-37; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (finding that evidence that is already part of the record is not new).

In addition to the documents that are already part of the record, the appellant submits a July 2014 decision regarding the classification of his position. PFR File, Tab 1 at 41-57. However, he has not explained why this document, which predates the initial decision by over 4 years, was previously unavailable despite due diligence, or is relevant to the outcome of his appeal. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (finding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision); *see also Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that the Board generally will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record closed despite due diligence). Nor does the appellant make it clear

whether this is one of the documents that he believes was improperly excluded below. PFR File, Tab 1 at 4. Therefore, we have not considered the documents that the appellant submits on review.

<u>We modify the initial decision to find that the appellant's claim that the agency failed to give him service credit for time in college is barred by the doctrine of collateral estoppel.</u>

In his petition for review, the appellant reasserts his Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) claim that, when he was initially hired, the agency did not properly credit his military service and that he was denied "the right to seniority based on veterans status." PFR File, Tab 1 at 3; IAF, Tab 19 at 3-4. The administrative judge observed that the appellant had raised this claim in a prior Board appeal that was then pending before the Board on petition for review, i.e., *Proa v. Department of the Interior*, MSPB Docket No. CH-4324-18-0185-I-1, and did not address it further. ID at 20. We modify this analysis to clarify that the doctrine of collateral estoppel now applies as a final decision has since been issued in the prior appeal. *Proa v. Department of the Interior*, MSPB Docket Nos. CH-4324-18-0185-I-1, CH-752S-18-0188-I-1, CH-1221-18-0363-W-1, Final Order, ¶¶ 1-3, 8-10 (Sept. 7, 2023).

Collateral estoppel, or issue preclusion, is appropriate when (1) an issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party precluded had a full and fair opportunity to litigate the issue in the prior action. *Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 13 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017). Collateral estoppel may be grounds for dismissing an appeal for lack of jurisdiction if a jurisdictional determination in a prior decision is afforded collateral estoppel effect and the appellant provides no other valid basis for Board jurisdiction. *Id.*

In the instant appeal, the appellant again argues that the agency did not properly credit his military service when he was initially hired, in violation of USERRA. PFR File, Tab 1 at 5-6. The administrative judge found, in the appellant's prior appeal, that he was actually seeking employment service credit for the period of time he was attending college, that he made no allegations that his military status was a factor in the agency's action of denying him eligibility under USERRA for employment service credit for that period of time, and that he thus failed to make a nonfrivolous allegation of Board jurisdiction over his appeal. *Proa v. Department of the Interior*, MSPB Docket No. 4324-18-0185-I-1, Initial Decision at 2, 4 (April 2, 2018). On review, the Board issued a final decision on this matter, affirming the dismissal of the appellant's USERRA claim for lack of jurisdiction. *Proa v. Department of the Interior*, MSPB Docket Nos. CH-4324-18-0185-I-1, CH-752S-18-0188-I-1, CH-1221-18-0363-W-1, Final Order, ¶¶ 8-10 (Sept. 7, 2023). Thus, this identical jurisdictional issue was litigated in this prior appeal.

Further, the administrative judge's jurisdictional findings were necessary for the dismissal of the appeal on that basis, the appellant was a party, and he had a full and fair opportunity to litigate his claims. The appellant is therefore precluded from litigating this issue again. Thus, we dismiss his USERRA claim regarding his initial appointment for lack of jurisdiction. We modify the administrative judge's finding in this regard, which was based on a pending appeal for which a final decision has since been issued.

<u>The administrative judge properly denied the appellant's affirmative defense of discrimination based on his prior military service.</u>

The appellant also re-raises his claim that he was discriminated against based on his military service when he was removed, the adverse action at issue in the instant appeal. PFR File, Tab 1 at 5; IAF, Tab 19 at 3-4. An employee making a USERRA discrimination claim bears the initial burden of showing by a preponderance of the evidence that his military service was "a substantial or

motivating factor" in the contested agency decision. *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001). An appellant may meet his burden by using direct or circumstantial evidence. *Id.* at 1014. If an appellant meets his burden, then the burden shifts to the agency to prove that it would have made the same decision absent the improper motive. *Id.*

The administrative judge found that the appellant failed to prove that his military status was a substantial or motivating factor in the agency's decision to remove him. ID at 21. Rather, the administrative judge found that the appellant's allegations amounted to general statements that the agency discriminated against veterans and that he failed to provide any direct or circumstantial evidence that his military service played a role in his removal. *Id.* She found that the decision to remove the appellant was based on the sustained charges against him. *Id.* While the appellant argues that he was discriminated against on review, he has not pointed to any evidence that supports his claim. Thus, the appellant has not stated a basis for granting review. 5 C.F.R. § 1201.115(a)-(d).

<u>We modify the initial decision's analysis of the appellant's whistleblower reprisal affirmative defense, but still conclude that he failed to prove this defense.</u>

On review, the appellant re-raises his whistleblower reprisal claim but does not allege any particular error by the administrative judge. PFR File, Tab 1 at 3. In addressing this claim, the administrative judge found that the appellant failed to prove by preponderant evidence that he reasonably believed that his disclosures evidenced a violation of law, rule, or regulation. ID at 16-19. She therefore found that the appellant failed to prove his affirmative defense. *Id.* We discern no basis to disturb this finding.

In a removal appeal, an appellant's claim of whistleblower reprisal is treated as an affirmative defense. *Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 12 (2015); 5 U.S.C. § 1221(e)(1). In such an appeal, once the agency proves its initial case by a preponderance of the evidence, the appellant must show by a preponderance of the evidence that he made a protected whistleblower

disclosure under 5 U.S.C. § 2302(b)(8) or participated in protected whistleblower activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and that the disclosure or activity was a contributing factor in the agency's personnel action. 5 U.S.C. § 1221(e)(1); *Ayers*, 123 M.S.P.R. 11, ¶ 12. If the appellant establishes a prima facie case of whistleblower reprisal, then the burden shifts to the agency to show by clear and convincing evidence that it would have taken the same personnel action absent any protected disclosures or activity. 5 U.S.C. § 1221(e)(2); *Ayers*, 123 M.S.P.R. 11, ¶ 12.

A protected disclosure is a disclosure of information that the appellant reasonably believes evidenced a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8)(A); *Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 22 (2014). The proper test for assessing whether a protected disclosure occurred is an objective one: could a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee reasonably conclude that the actions of the agency evidence one of the categories of wrongdoing identified in 5 U.S.C. § 2302(b)(8)(A)? *Shannon*, 121 M.S.P.R. 221, ¶ 22. General philosophical or policy disagreements with agency decisions or actions are not protected unless they separately constitute a protected disclosure of one of those categories of wrongdoing. *See* 5 U.S.C. § 2302(a)(2)(D); *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 8 (2015).

As noted in the initial decision, at issue in this appeal is the appellant's disclosure that "agency officials refused to allow [him] to dispose of some acids/mixed waste in the manner [he] deemed least hazardous" and that he was instructed to dispose of the materials per agency approved policy/guidelines but he did not agree that this was the "best or safest method available for disposal." ID at 17; IAF, Tab 15 at 30-31, 47, Tab 19 at 110. The administrative judge interpreted the appellant's allegations as a claim of reprisal for a protected

disclosure. ID at 18. However, it appears that the appellant was also raising a claim that he made his disclosures to the Board, OSC, the Federal Labor Relations Authority, and the Department of Labor. IAF, Tab 19 at 130. In assessing whether this disclosure to his supervisor was protected, the administrative judge considered the relevant documentary evidence, such as the closure email sent to the appellant by OSC, which detailed his disclosure to his supervisor, and noted that the appellant did not provide a statement or declaration in support of his whistleblower reprisal allegations prior to the close of the record.[4] ID at 18.

Based on the documentary evidence, the administrative judge found that the appellant's disclosure that he disagreed with the agency's method of disposal of acid/mixed waste materials constituted a disagreement with his supervisor's instructions to him regarding the agency's established guidelines and regulations for waste disposal, and that the appellant did not reasonably believe that he had disclosed a violation of law, rule, or regulation. ID at 18-19. The administrative judge also considered whether the appellant's alleged disclosure constituted a disclosure of a substantial and specific danger to public health or safety, but determined that "revealing a negligible, remote, or ill-defined period that does not involve any particular person, place, or thing is not protected." ID at 18-19; *see Chambers v. Department of the Interior*, 515 F.3d 1362, 1369 (Fed. Cir. 2008) (identifying factors that the Board might consider in determining whether an alleged disclosure of a danger to public health or safety is sufficiently substantial and specific to warrant protection). The administrative judge therefore found that this disclosure was not protected. ID at 18-19.

We agree with the administrative judge that the appellant failed to prove that he made a protected disclosure because he failed to articulate a reasonable

---

[4] The appellant was apprised of his burden of proving his whistleblower reprisal claim and, despite receiving an extension to do so, did not respond to the administrative judge's orders to provide the requested information below. IAF, Tab 4 at 2, Tab 31 at 1-2.

belief that he disclosed wrongdoing under Federal whistleblowing statutes. Moreover, the appellant's allegations of wrongdoing were vague. While the appellant submitted an email to his supervisor in which he alleged that he was being retaliated against because he told his supervisor, "the forced interpretation of policy to hinder me in the performance of duties to which I was hired was wasteful, burdensome, potentially dangerous with respect to mixed-waste, had explicit compliance problems, was illegal, and . . . the memo-policy that gave itself authority was a lesser authority than rules, regulations, and law," he did not explain specifically what the purported violations of law and regulation were but only made conclusory allegations about the agency's alleged wrongdoing. IAF, Tab 19 at 110; *see Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616, ¶ 17 (2006) (finding that the Board requires an appellant to provide more than vague and conclusory allegations of wrongdoing by others). In his response to the proposed removal, the appellant again alleged categories of wrongdoing, such as stating, "[r]egarding shipping, they did whatever they wanted and there were violations of law." IAF, Tab 15 at 30-31. However, he provided no specifics.

*We modify the initial decision to find that the appellant participated in protected activity when he filed his November 17, 2017 OSC complaint.*

The administrative judge only analyzed whether the appellant made the above protected disclosure and did not address whether the appellant's November 17, 2017 OSC complaint constituted protected activity. ID at 18-19. Although not challenged by the appellant on review, we address this claim. Under 5 U.S.C. § 2302(b)(9)(C), an employee engages in protected activity when he discloses information to OSC. The appellant's OSC complaint thus constitutes protected activity. IAF, Tab 15 at 47, 126-27. We therefore modify the initial decision accordingly. As explained below, the administrative judge's error is not a basis for review because it does not affect the outcome of the appeal. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding

that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

The appellant has not met his burden of proving that his November 17, 2017 OSC complaint was a contributing factor in the agency's decision to remove him. To prove that his activity was a contributing factor in a personnel action, the appellant need only demonstrate that the fact of, or the content of, the activity was one of the factors that tended to affect the personnel action in any way. *Covington v. Department of the Interior*, 2023 MSPB 5, ¶ 43. One way to establish contributing factor is the knowledge/timing test. *Smith v. Department of the Army*, 2022 MSPB 4, ¶ 19. The appellant can satisfy the test by proving that the official taking the action had knowledge of the activity, and the action occurred within a period of time such that a reasonable person could conclude that the activity was a contributing factor in the personnel action. *Id.*

The appellant filed his OSC complaint in November 2017. IAF, Tab 15 at 47-48, 126-27. His removal was proposed in April 2018 by the Center Director and the proposed removal was sustained by the Associate Director in July 2018. *Id.* at 21-29, 35-45. This personnel action occurred within approximately 8 months of the appellant's protected activity.[5] The Board has held that personnel actions taken within 1 to 2 years of a protected disclosure satisfy the timing prong of the knowledge/timing test, but those that take place more than 2 years after the disclosure are too remote to satisfy this test. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 63; *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 21 (2013). We therefore find that the appellant has satisfied the timing portion of the knowledge/timing test.

Regarding the knowledge prong of the test, the appellant failed to establish by preponderant evidence that the proposing and deciding officials knew of his protected activity, i.e., the filing of his OSC complaint in November 2017.

---

[5] It is undisputed that the decision to remove the appellant constitutes a personnel action. *See* 5 U.S.C. § 2302(a)(2)(A)(iii).

The appellant did not specifically allege that either the proposing or deciding official had actual or constructive knowledge of his OSC complaint. Instead, the record evidence shows, through the appellant's emails and oral reply to his proposed removal, that these officials only knew of his disclosures to his supervisor. IAF, Tab 15 at 30-31, Tab 19 at 110, 151.

To the extent the appellant speculates that the agency found out about his protected activity when it confiscated his Government computer upon his return from his 14-day suspension in February 2018, we are not persuaded. IAF, Tab 19 at 130. He alleges that the agency proposed his removal once it found out he had disclosed information to OSC but does not provide any additional information to support or substantiate such an allegation. *Id.* Ultimately, we find that the appellant failed to prove by preponderant evidence that the responsible officials had any knowledge of the November 2017 OSC complaint. *See Jones v. Department of the Treasury*, 99 M.S.P.R. 479, ¶ 8 (2005) (finding that an appellant's unsubstantiated speculation that an agency official might have known of protected disclosures was insufficient to meet her burden to make a nonfrivolous allegation of jurisdiction); *see also Easterbrook v. Department of Justice*, 85 M.S.P.R. 60, ¶ 11 (2000) (concluding that the record failed to demonstrate that the official responsible for the personnel action at issue had actual or constructive knowledge of the appellant's disclosure).

The Board has held that, if an administrative judge determines that an appellant has failed to satisfy the knowledge/timing test, she shall consider other evidence, such as (1) evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action; (2) whether the whistleblowing was personally directed at the proposing or deciding officials; and (3) whether these individuals had a desire or motive to retaliate against the appellant. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶¶ 15-17 (2012) (finding that the appellant did not demonstrate that her protected disclosure was a contributing

factor in her nonselection through the knowledge/timing test, but that she nonfrivolously alleged contributing factor through other evidence).

However, consideration of the *Dorney* factors also does not support a finding of contributing factor. The first factor does not weigh in the appellant's favor, given that the agency proved its charges by a preponderance of the evidence. ID at 6-12. Regarding the second factor, the appellant does not claim that the content of his OSC complaint was personally directed at the proposing or deciding officials. As to the third factor, in light of the lack of evidence that the proposing or deciding official knew of the appellant's OSC complaint, we cannot assume that they had a motive or desire to retaliate against the appellant for filing his OSC complaint.

In sum, we find that the appellant has not met his burden of establishing that his protected activity was a contributing factor in the agency's decision to remove him. Accordingly, we affirm, as modified, the administrative judge's finding that the appellant is not entitled to corrective action.

## The appellant's other arguments on review do not provide a basis to disturb the initial decision.

The appellant alleges that the administrative judge denied him the right to receive pay. PFR File, Tab 1 at 3. The appellant had requested he be returned to pay status while working on his Board appeal, such as while engaging in discovery with the agency. IAF, Tab 6 at 3, Tab 31 at 2, Tab 39 at 3, Tab 47 at 3. The administrative judge denied the appellant's motions to restore him to pay status and informed the appellant that she had no authority to grant such a motion. IAF, Tab 7 at 1, Tab 47 at 3. There is no provision of law or regulation that would require the agency to permit the appellant to use official time for the purpose of pursuing his Board appeal, thus the administrative judge correctly denied the appellant's request. *See White v. Social Security Administration*, 76 M.S.P.R. 447, 465-67 & n.12 (1997) (finding that, with the exception of time spent providing sworn statements or testimony, no authority exists for requiring

an agency to grant its employees official time in which to pursue their Board appeals), *aff'd per curiam*, 152 F.3d 948 (Fed. Cir. 1998) (Table).

The appellant also appears to allege that the proposing and deciding officials had a "conflict of interest" and were predisposed to remove him. PFR File, Tab 1 at 4. With his initial appeal, the appellant included an email he sent to the deciding official, alleging that the deciding official had a conflict of interest because he was involved in designating the appellant's grade level upon his initial hiring. IAF, Tab 1 at 10. The administrative judge did not identify this claim as an issue for adjudication in the prehearing conference summary and did not render findings on this claim in the initial decision. IAF, Tab 52 at 2-3. The appellant had the opportunity to object to the administrative judge's prehearing conference summary but did not. *Id.* at 2. Thus, we find that the appellant abandoned this affirmative defense, and it is not properly before us. *See Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶¶ 17-18 (setting forth a nonexhaustive list of factors relevant to determining whether an appellant will be deemed to have waived or abandoned a previously raised affirmative defense including, as relevant here, the thoroughness and clarity with which the appellant raised his affirmative defense, the degree to which he continued to pursue his affirmative defense, and whether the appellant objected to a summary of the issues to be decided that failed to include the potential affirmative defense).

On review, the appellant also appears to challenge his penalty of removal by claiming that the agency and the administrative judge improperly viewed him as having 4, rather than 5, years of Federal service. PFR File, Tab 1 at 5. Based on the record below, the appellant's position was converted to a career conditional appointment after completion of an initial probationary period effective October 19, 2014. IAF, Tab 15 at 151. His Standard Form 50 indicated that his service computation date was October 19, 2014. *Id.* He was subsequently removed effective July 18, 2018. *Id.* at 19-20. Thus, he had approximately 4 years of tenured Federal service. Even assuming the agency

should have considered the appellant's probationary service in evaluating the overall length of his service, the appellant has not shown how any error impacted the evaluation of his penalty. *See Panter*, 22 M.S.P.R. at 282; *see also Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (articulating a nonexhaustive list of factors relevant to the penalty determination in adverse actions). The appellant does not otherwise challenge the penalty and we see no reason to disturb it.

Accordingly, we deny the petition for review and affirm, as modified, the initial decision sustaining the appellant's removal.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.   *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _Gina K. Grippando_

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.